FIAPAIPAI FILOIALI'I, Appellee

v.

WILLIAM ADAMS, QUALITY FURNITURE, INC.,
and DOES 1-5, Appellants,

v.

DEVELOPMENT BANK OF AMERICAN SAMOA, Intervenor

High Court of American Samoa
Appellate Division

AP. NO. 11-86

November 4, 1986

Before REES, Chief Justice, MURPHY, Associate
Justice, KENNEDY*, Acting Associate Justice,
LUALEMAGA, Associate Judge, and AFUOLA, Associate
Judge.

Per KENNEDY, J.:

Counsel: For the Appellants, Asaua Fuimaono
        For the Appellee, John Ward

        Plaintiff Fiapaipai Filoiali'i is the
administratrix of the estate of her late father,
Fili M. Liufau. In 1980 Liufau obtained a loan
from the Development Bank for construction of an
industrial building in the American Samoa
Government-owned Industrial Park at Tafuna.
Liufau's loan of $100,000 was at a seven percent
interest rate, and required payments of $776 per
month. Liufau executed a promissory note secured

105

by a mortgage on both the realty and personalty on the property. Liufau also entered into a lease agreement with the government of American Samoa for $226 per month. The government, however, granted a "rent moratorium" for three years.

In 1981 Liufau was killed, and his daughter, the plaintiff here, took over operation of Liufau's business. The business fell on hard times, and the loan payments to the Development Bank fell into arrears.

In late 1982, William Adams began negotiations with the Development Bank. In 1983 Adams executed a "mortgage" and moved on to the premises under an agreement to pay the Bank $1,400 per month, provide insurance, and pay the $226 per month monthly rental to the government. Adams executed a "mortgage" to secure these amounts. At approximately the same time, Adams incorporated Quality Furniture. Plaintiff was not a part of these negotiations and did not execute any agreements to approve the transaction, though apparently she had some knowledge of it. She moved out when Adams moved in.

The agreement between Adams and the bank called for $776 of the $1,400 payment to be committed to the interest and principal of the original loan, the balance to be committed to arrearages, and, it seems, any further balance to be returned by the bank. Adams did not pay the full $1,400 per month. His total payments of $30,263.65 were enough to satisfy the original loan and its arrearages, but were $20,136.35 short of the $50,400 (36 months at $1,400 per month) that Adams promised to pay. In addition, Adams failed to make approximately $7,000 in payments on lease payments to the government, and $2,086.25 in insurance payments.

The trial division, in the exercise of its equitable powers, gave judgment as follows: first, the court declared that Adams and Quality Furniture had acquired no interest in the property through its purported mortgage in 1983, and that the plaintiff still owned the property subject to the original loan; second, the court determined that Adams and Quality Furniture had entered the property under an implied lease with the plaintiff as administratrix for rental payments of $1,400 per month plus the amounts owed to the government for insurance; third, the court determined that Adams and Quality Furniture were in breach of the lease

with the plaintiff, and had joint liability to the plaintiff for over $29,000.

On appeal Adams and Quality Furniture make two main arguments. First, they argue that Adams cannot be personally liable because he did business only as president of Quality Furniture. Second, Adams and Quality Furniture argue that the trial division erred in the exercise of its equitable powers. We reject both contentions and affirm.

There were sufficient facts to support the court's determination that Adams had joint liability with the corporation. Adams did not incorporate until approximately the time that he took over the premises. Further, the whole transaction was conducted in an exceedingly informal manner. Under these circumstances, we are unable to say as a matter of law that Adams is entitled to hide behind his corporate shell.

We also think that the court was correct in the exercise of its equitable powers. Adams and Development Bank, acting by themselves, could not possibly terminate the plaintiff's interest. The court's finding of an implied lease on the terms of the "mortgage" worked out between Adams and Development Bank was perfectly reasonable given that possession, but not title, had passed. We think that the trial division's judgment was supported factually and was eminently fair.

The judgment of the trial division is AFFIRMED.

---

\* Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.